**U.S. Equal Employment Opportunity Commission**
**33 Whitehall Street, 5th Floor**
**New York, NY 10004**
**Sebastian Riccardi**
**Senior Trial Attorney**
**(929) 506-5340**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
U.S. EQUAL EMPLOYMENT                         :
OPPORTUNITY                                   :       CIVIL ACTION NO. 20-cv-9110
COMMISSION,                                   :       ECF CASE
                                              :
                                              :       **COMPLAINT**
                                              :
        **Plaintiff,**                        :       **JURY TRIAL DEMANDED**
                                              :
                                              :
        v.                                    :
                                              :
                                              :
**UNITED AIRLINES, INC.**                     :
                                              :
        **Defendant.**                        :
                                              :
---------------------------------------------------------------x

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to David Disbrow who was adversely affected by such practices. As alleged with greater particularity below, Defendant United Airlines, Inc. whose principal place of business is 233 South Wacker Drive, Chicago, IL 60666, discriminated against Disbrow by refusing to reasonably accommodate his religious beliefs.

JURISDICTION AND VENUE

1

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, United Airlines, Inc., has continuously been doing business in the State of New Jersey and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Disbrow filed charge number 524-2018-01545 with the Commission alleging violations of Title VII by Defendant.

7. The Commission investigated Disbrow's charge.

8. On January 6, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated of Title VII by refusing to accommodate Disbrow's religion.

9. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On June 4, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least April 17, 2018, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2, when it discriminated against Disbrow on the basis of religion by refusing to accommodate his religious beliefs. Specifically:

    (a) Disbrow has been employed by Defendant as a pilot for over 30 years. His base is Newark International Airport.

    (b) Disbrow is a Buddhist.

    (c) In 2017, Disbrow was diagnosed as alcohol dependent. In January 2018, Disbrow entered a residential alcohol treatment program.

    (d) As a result of Disbrow's alcohol dependence diagnosis, his medical certificate issued by the Federal Aviation Administration ("FAA") was revoked.

(e) Defendant operates a HIMS program to help its pilots who have been diagnosed with alcohol or drug dependency obtain the FAA medical certificate that they need in order to be able to fly. The only way that a pilot employed by Defendant whose medical certificate has been revoked due to a substance dependency diagnosis can return to work is through Defendant's HIMS program.

(f) Defendant's HIMS program provides counseling, peer support, and monitoring for participating pilots. The HIMS program also sponsors pilots who successfully participate to obtain the special issuance medical certificates from the FAA that allow them to fly again.

(g) One of the requirements of Defendant's HIMS program is that participating pilots must regularly attend meetings of Alcoholics Anonymous ("AA"), a support group focused on ensuring its members abstain from alcohol based on "Twelve Steps", and obtain an AA sponsor.

(h) Defendant's HIMS program requires that all participants complete at least the first five of the Twelve Steps, three of which require acknowledging "a Power greater than ourselves" and "God." All of the AA meetings near Disbrow were held in churches, began with a prayer, with its conception of God based on a monotheistic belief in God as a Supreme Being.

(i) The FAA does not mandate that a HIMS program require all participants to attend AA. Nor does the FAA require a pilot who has been diagnosed as alcohol dependent to attend AA in order to be eligible for a special issuance medical certificate.

(j) Disbrow enrolled in Defendant's HIMS program in March 2018.

(k) At the same time that he attended AA meetings, he also attended meetings of Refuge Recovery, a support group focused on ensuring its members abstain from alcohol and other drugs that is similar to AA, but based on Buddhist principles. At Refuge Recovery, Disbrow obtained a mentor—the Refuge Recovery equivalent of an AA sponsor.

(l) Soon after enrolling in the HIMS program, Disbrow asked to substitute attendance at Refuge Recovery instead of AA attendance as a reasonable accommodation to his religious beliefs. He made this request because he objected to the religious content of AA, which contradicted his Buddhist beliefs. Defendant refused to modify its requirement to attend AA meetings.

(m) Disbrow made repeated requests to Defendant to accommodate his religious beliefs by allowing him to attend Refuge Recovery in lieu of AA. Defendant repeatedly refused his requests.

(n) As a result of Defendant's refusal to accommodate Disbrow's religious beliefs, he has been unable to participate in the HIMS program. And, as a result he has been unable to return to work.

15. The effect of the practices complained of in paragraph 14 above has been to deprive Disbrow of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

16. The unlawful employment practices complained of in paragraphs 14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 14 above have been done with malice or with reckless indifference to Disbrow's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of their religion.

C. Order Defendant to accommodate Disbrow's religion by allowing him to substitute attendance at a Buddhism-based recovery group for Defendant's requirement of AA attendance in its HIMS program.

D. Order Defendant to make Disbrow whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to make Disbrow whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 14 above in amounts to be determined at trial.

F. Order Defendant to pay Disbrow punitive damages for its malicious and reckless conduct, as described in paragraph 14 above, in amounts to be determined at trial.

G. Order Defendant to make Disbrow whole by providing appropriate backpay with prejudgment interest, in an amount to be proved at trial, and other affirmative relief to necessary to eradicate the effects of the unlawful employment practices complained of above.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 20, 2020
         New York, New York

                                           Sharon Fast Gustafson
                                           General Counsel

                                           Robert A. Canino
                                           Acting Deputy General Counsel

                                           Gwendolyn Reams
                                           Associate General Counsel

                                           EQUAL EMPLOYMENT OPPORTUNITY
                                           COMMISSION
                                           131 M Street, N.E.
                                           Washington D.C. 20507


                                           Jeffrey Burstein
                                           Regional Attorney

                                           Raechel Adams
                                           Supervisory Trial Attorney


                                           /s/Sebastian Riccardi
                                           Sebastian Riccardi
                                           Trial Attorney

                                           EQUAL EMPLOYMENT OPPORTUNITY
                                           COMMISSION
                                           New York District Office
                                           33 Whitehall Street, 5th Floor
                                           New York, NY 10004-2112
                                           Telephone: (929) 506-5340
                                           Facsimile: (212) 336-3623